IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE LXS 2006-16N,<br><br>    Plaintiff,<br><br>  vs.<br><br>JAMES JOSEPH FRANCO, EDNA ARDALES FRANCO; JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE CORPORATIONS; DOE ENTITIES 1-50; and DOE GOVERNMENTAL UNITS 1-50,<br><br>    Defendants.<br>_____ | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil No. 16-00301 DKW-KJM<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S
<u>MOTION TO REMAND</u>

On July 6, 2016, U.S. Bank National Association, as Trustee for the LXS 2006-16N ("Plaintiff" or "U.S. Bank") filed a Motion to Remand ("Motion"). *See* ECF No. 6. On August 19, 2016, *pro se* Defendants James Franco ("J. Franco") and Edna Franco ("E. Franco") (collectively, "Defendants" or "Francos") filed their Opposition to the Motion. *See* ECF No. 16. On August 25, 2016, U.S. Bank filed its Reply. *See* ECF No. 18.

1

The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. The Court, having reviewed and considered the Motion, briefs, exhibits, and arguments of the parties in their written submissions, FINDS that removal is not proper due to the absence of federal-question or diversity jurisdiction and RECOMMENDS that the district court GRANT Plaintiff's Motion.

## BACKGROUND

Plaintiff's Hawaii State Court Complaint for Foreclosure ("Complaint") states, and the Defendants do not dispute, that at all relevant times J. Franco and E. Franco, husband and wife, owned the real property located at 15-1696 25th Avenue, Keaau, Hawaii ("Property"), as tenants by the entirety. *See* ECF No. 1-1 at 2. The disposition of the Property, including all improvements and fixtures, is the subject matter of the Complaint.

On or about July 20, 2006, J. Franco obtained a $236,250.00 loan from Capital Funding Group, Inc., as evidenced by a promissory note ("Note"). *See* ECF No. 1-1 at 3. On August 9, 2006, for the purpose of securing payment on the Note, J. Franco and E. Franco obtained a mortgage ("Mortgage") from Mortgage Electronic Registration Systems, Inc., "solely as nominee for Capital Funding Group, Inc.," encumbering the Property. *Id.* The mortgagee's interest in the

Mortgage was assigned to OneWest Bank, F.S.B. on November 13, 2009. *Id.* By subsequent Assignment of Mortgage recorded on October 9, 2012, in the Land Court as Document Number T-8317209, OneWest Bank, F.S.B. assigned its interest in the Mortgage to the Plaintiff. *Id.* at 4. Plaintiff is the holder of the Note and record assignee of the Mortgage. *Id*.

Plaintiff filed the Complaint in the Circuit Court of the Third Circuit, State of Hawaii ("circuit court") claiming that: (1) J. Franco failed to make scheduled payments of principal and interest in a timely manner as required by the terms of the Mortgage and pursuant to the Note; (2) Plaintiff gave written notice to J. Franco concerning the default and its intention to accelerate the loan and to foreclose the Mortgage if the default was not cured; (3) J. Franco failed to cure the default; (4) as a result of J. Franco's failure to cure the default, Plaintiff exercised its option in accordance with the terms of the Mortgage and Note and initiated a foreclosure action on November 6, 2013, in circuit court. *Id.* at 4.

Plaintiff served the Francos with the Complaint on December 17, 2013. *See U.S. Bank National Association v. James Joseph Franco, Edna Ardales Franco, et al.* No. 13-1-627 (Haw. Cir. Ct.) (available at http://hoohiki.courts.hawaii.gov/#/case?caseId=3CC131000627) ("State Case") Docket Number ("Dkt. No.") 6, 7. On January 2, 2014, the Francos answered the Complaint. *See* State Case Dkt. No. 16. On November 13, 2014, Plaintiff filed its Motion for Summary Judgment for

Foreclosure against all Defendants and for Interlocutory Decree of Foreclosure. *Id.* at Dkt. No. 138. The circuit court granted the Motion and filed the Findings of Fact, Conclusions of Law, and Order Granting Plaintiff's Motion for Summary Judgment for Foreclosure against All Defendants and for Interlocutory Decree of Foreclosure on April 15, 2015. *Id.* at Dkt. No. 171. The circuit court thereafter entered final judgment on March 11, 2016. *Id.* at Dkt. No. 200. The Francos filed an appeal to the Intermediate Court of Appeals ("ICA") on April 4, 2016. *See* Hawaii Judiciary Electronic Filing and Service System ("JEFS") CAAP 16-000317 Dkt. No. 1. On July 12, 2016, the ICA denied the Francos' appeal without prejudice. *See* JEFS Dkt. No. 16. The Francos filed a Notice of Removal ("NOR") to this Court on June 8, 2016. *See* ECF No. 1.

## DISCUSSION

Defendants have removed to federal court, claiming that this Court has federal jurisdiction pursuant to 28 U.S.C. Section 1331(a), Section 1332, and Section 1441(a). Plaintiff seeks a remand arguing that: (1) there is no substantive basis for removal because the Complaint does not raise a federal question; (2) there is no basis for removal under diversity jurisdiction; and (3) the removal application is untimely. For the reasons that follow, the Court finds that the Complaint does not raise federal-question or diversity-of-citizenship jurisdiction permitting removal from state court. The Court also finds that, while the Ninth Circuit does not agree

with Plaintiff's interpretation of the 30-day tolling requirements, the Court need not reach the timeliness issue because removal is not otherwise proper.

A.   Federal-Question Jurisdiction

Defendants assert that this Court has federal-question jurisdiction because: (1) "Plaintiff's trademark claims depend on claims under federal law"; (2) Plaintiff violated Defendants' rights under the Fair Credit Reporting Act under federal law; and (3) Defendants' counterclaim against Plaintiff alleges that Plaintiff violated the Fair Debt Collection Practices Action Act.  ECF No. 16 at 2-3.  Plaintiff counters, arguing that "[n]o federal question is presented on the face of the Complaint, which seeks only to foreclose the loan," a claim that should be decided entirely under state law.  ECF No. 6-1 at 5.  For the reasons set forth below, the Court finds that the Complaint does not establish federal-question jurisdiction.

Under 28 U.S.C. Section 1441(a), the district courts have removal jurisdiction over any claim that could have been brought in federal court originally.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded-complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987); *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 686–87 (9th Cir. 2007).

Accordingly, "[a] defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank,* 522 U.S. 470, 475 (1998); *see Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10-11 (1983) ("[A] federal court does not have original jurisdiction over a case in which the complaint presents a state-law cause of action, but also asserts that federal law deprives the defendant of a defense he may raise, or that a federal defense the defendant may raise is not sufficient to defeat the claim." (internal citations omitted)). Courts have equally refused to confer removal jurisdiction premised on federal-question-based counterclaims. *See Vaden v. Discover Bank*, 556 U.S. 49, 60–61 (2009) ("Nor can federal jurisdiction rest upon an actual or anticipated counterclaim. [A] federal counterclaim, even when compulsory, does not establish "arising under" jurisdiction. [I]t would undermine the clarity . . . of that rule if federal courts were obliged to consider the . . . responsive pleadings in determining whether a case 'arises under' federal law"); *see also Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830, 832 (2002) ("[T]he well-pleaded-complaint rule, properly understood, [does not] allow[] a counterclaim to serve as the basis for a district court's 'arising under' jurisdiction."). Rather, to satisfy removal requirements based on federal-question jurisdiction, "a right or immunity created by the Constitution or laws of the United

States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian,* 299 U.S. 109, 112 (1936).

As such, the federal issue "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985) (citation omitted); *see Gully,* 299 U.S. 109 at 113 (noting that the federal controversy cannot be "merely a possible or conjectural one"). Thus, the plaintiff is "master of the complaint" and "may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar,* 482 U.S. at 398-99; *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838-39 (9th Cir. 2004).

The Court finds that Defendants' request for removal based on federal-question jurisdiction is without merit. First, it is unclear why Defendants claim that Plaintiff's trademark claims arise under federal law. The Complaint seeks only to foreclose on the loan taken out by the Francos. Nothing in the Complaint suggests that Plaintiff is asserting its rights under federal trademark law. Second, to the extent Defendants are invoking the Fair Credit Reporting Act as a defense to the foreclosure, a defense to an action does not make a case removable, as previously stated. *See Rivet,* 522 U.S. at 475. Third, although Defendants claim that they filed a counterclaim against Plaintiff for violations of federal law under the Fair Debt

Collection Practices Act, a federal counterclaim also does not establish federal-question jurisdiction. *See Vaden*, 556 U.S. at 60–61.

In this case, U.S. Bank's foreclosure action is based solely on state law. *See* Haw. Rev. Stat. § 667-1; *see also Hagan v. U.S. Nat. Bank*, 2014 WL 5465321, at *2–3 (D. Haw. 2014) (stating that foreclosure is a Hawaii state law claim). According to Hawaii Revised Statutes section 667-1, in a foreclosure action, a Hawaii state court "may assess the amount due upon a mortgage, whether of real or personal property, without the intervention of a jury, and shall render judgment for the amount awarded, and the foreclosure of the mortgage." Haw. Rev. Stat. § 667-1. Because the Complaint does not raise a federal question, the Court finds that removal cannot be based on federal-question jurisdiction.

B.   Diversity Jurisdiction

Defendants claim that the Court has diversity jurisdiction because there is complete diversity of citizenship and the amount in controversy exceeds $75,000. Plaintiff asserts that the forum defendant rule prevents Defendants from removing the case to federal court on the basis of diversity. For the reasons that follow, the Court finds that removal is barred by the forum defendant rule.

"Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants and no defendant is a citizen of the forum state." *Lincoln Prop. Co. v. Roche*, 546

U.S. 81, 84 (2005).  Diversity jurisdiction applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).

In order to establish diversity jurisdiction, the moving party must establish complete diversity of the parties.  *See Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001) (explaining that Section 1332(a) "requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants").  When determining diversity jurisdiction, a corporation is considered a citizen of both the state in which it is incorporated and the state in which it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1); *Hagan*, 2014 WL 5465321, at *3.

When an action is removed on the basis of diversity, the requisite diversity must exist at the time the action is removed to federal court.  *See* C. Wright, *Law of Federal Courts* § 38, at 153 (7th ed. 2011).  The diversity upon which removal is predicated must be complete and should be determined from the face of the complaint.  *See Salveson v. Western States Bankcard Ass'n,* 731 F.2d 1423, 1426 (9th Cir. 1984).  The burden of establishing federal jurisdiction rests with the party seeking removal.  *See Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97 (1921); *Carpenters S. Cal. Admin. Corp. v. Majestic Hous.,* 743 F.2d 1341, 1343 (9th Cir. 1984).

The only jurisdictional basis for removal of the foreclosure action, a matter of state law, to this Court, would be diversity of citizenship pursuant to 28 U.S.C. Section 1332(a). Under the "forum defendant rule," however, diversity-of-citizenship cases "may not be removed if any of the . . . defendants [in the state court action] is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Thus, separate and apart from the statute conferring diversity jurisdiction, 28 U.S.C. Section 1332 and Section 1441(b) restricts removal on the basis of diversity jurisdiction to cases where no defendant is a citizen of the forum state. *See Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006).

The Francos provided a Keaau, Hawaii, address to the Court and do not dispute that they are citizens of Hawaii. The removal, therefore, is barred by the forum defendant rule. Accordingly, the Court finds that the Francos cannot remove the foreclosure action to this Court on the basis of diversity.

C. Timeliness

Plaintiff claims that Defendants' NOR was untimely under 28 U.S.C. Section 1446(a) and therefore this matter should be remanded on this basis alone. *See* ECF No. 6-1 at 4. The Court finds that the NOR is not untimely based on Plaintiff's interpretation of the 30-day tolling requirements. Although the Court provides guidance for this conclusion below, the Court need not reach the timeliness issue because removal is not otherwise proper.

"The removal statutes generally require a party to remove a case within 30 days of receiving the complaint." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1237–38 (9th Cir. 2014); *see also* 28 U.S.C. § 1446. The statutes do provide an exception to this rule: "if the case *stated by the initial pleading* is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added); *see Rea*, 742 F.3d at 1237–38.

The Ninth Circuit has held "that the thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction." *Harris v. Bankers Life & Cas. Co.,* 425 F.3d 689, 691–92 (9th Cir. 2005) (internal quotation marks omitted). The Ninth Circuit also recently held in *Roth v. CHA Hollywood Med. Ctr.,* 720 F.3d 1121, 1124–25 (9th Cir. 2013) "that the two 30–day periods are not the exclusive periods for removal." *Rea*, 742 F.3d at 1238. "In other words, as long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable, the 30–day time period never starts to run and the defendant may remove at any time." *Rea*, 742 F.3d at 1237–38.

Based on the initial pleading, this case was not removable and the first 30-day period was not triggered because the Complaint was premised on a foreclosure action based solely on state law and the forum defendant rule barred removal on the basis of diversity. Thus, federal jurisdiction was not apparent as required by the Ninth Circuit's interpretation of the tolling requirements. Neither party has suggested that any of the subsequent pleadings, motions, orders, or other papers indicated that the case became removable, so the second 30-day period was not triggered. In the absence of a trigger of either of these two 30-day periods, neither 30-day period has run. *See Rea*, 742 F.3d at 1237–38; *see also Resolution Tr. Corp. v. BVS Dev., Inc.*, 42 F.3d 1206, 1211 (9th Cir. 1994) (holding that a party can remove a case from state court, even after judgment has been entered there and an appeal in state court is pending, provided that removal is otherwise proper). But removal would only be proper if valid grounds exist. As to a federal question, this case involves a foreclosure, which is a matter of state law. No federal question was present in the original Complaint or at any time thereafter. As to diversity, Defendants are residents of Hawaii so the defendant forum rule prevents them from removing the case to federal court. As set forth above, valid grounds—federal question or diversity—are lacking here.

D. Plaintiff's Counsel

Defendants argue that "Plaintiff's Counsel has no right to represent the Plaintiff without legal paper of substitution of new counsel" and therefore Plaintiff's argument "should have been void without a record of substitution of new counsels without a Court order [*sic*]."  ECF No. 16 at 4.  The Court finds that this argument is without sufficient merit to warrant a discussion; however, the Court notes that it accepts Alston Hunt Floyd & Ing as Plaintiff's Counsel and as the "counsel of record" in this matter.

## CONCLUSION

Based on the foregoing, the Court FINDS that removal to federal court is not proper and the case should be remanded to state court because Defendants cannot establish federal-question or diversity-of-citizenship jurisdiction.  The Court thus RECOMMENDS that the district court GRANT Plaintiff's Motion.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawai`i, September 1, 2016.



  /S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

*U.S. Bank National Association v. James Franco and Edna Franco, et al.*; CV 16-00301 DKW-KJM; Findings and Recommendation to Grant Plaintiff's Motion to Remand.